CRAIN, Judge.
Linda Blount Jackson and Russell B. Jackson were divorced in July, 1984. Mrs. Jackson was granted sole custody of the two minor children (Brian and Reginald) born of the marriage. Alleging that the children had been physically abused by Rodney Perkins, Mrs. Jackson’s fiancé, on March 29, 1988, Mr. Jackson obtained an ex parte order transferring custody of the children to himself. After an abbreviated hearing on the matter in December, 1988, the court ordered the custody of Brian Jackson, age seven, returned to Mrs. Jackson. After numerous hearings, judgment was rendered maintaining sole permanent custody of Brian with Mrs. Jackson and sole permanent custody of Reginald with Mr. Jackson.
From this judgment Mr. Jackson appeals assigning as error the trial court’s award of custody of Brian to Mrs. Jackson and that custody of Brian was determined without completion of testimony, a full trial or full consideration of the evidence.
The record reflects that numerous hearings on this matter were held and numerous witnesses were called by the parties and testified at the hearings. Mr. and Mrs. Jackson, Rodney Perkins, Brian and Reginald underwent court ordered psychological evaluations which were made part of the record, and Dr. Cary Dennis Rostow, clinical psychologist, testified at trial regarding the psychological evaluations and his recommendations. Accordingly, appellant’s assignments of error are without merit.
The party seeking modification of a considered custody decree has the heavy burden of proving that continuity of the present custody is so deleterious to the child that it justifies a modification of the custody decree or of proving by clear and convincing evidence that the harm likely to *218 be caused by a change of environment is substantially outweighed by its advantages. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). The great discretion of the trial court in custody matters should not be disturbed absent an abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
Mrs. Jackson testified that on several occasions she requested Perkins to discipline her children. On March 9, 1988, at her request Perkins disciplined the children for leaving crumbs and trash on the kitchen counter. Perkins awoke the children sometime around midnight, made Brian sit on the sofa, pushed Reginald on the sofa and struck him in the face. Reginald ran away from home to the home of his paternal uncle. Mr. Jackson was alerted to the incident and reported it to the police and the Division of Family Services. Reginald alleges, and pictures confirm, that Reginald was bruised about the face and chest. Mrs. Jackson was present during this incident but denies that her children were abused; Reginald was merely “disciplined”. Whether Brian was also struck by Perkins was contested at trial. Brian denied being struck by Perkins when interviewed by Dr. Rostow and at trial.
It was uncontroverted that Mrs. Jackson regularly padlocked her refrigerator; she and Perkins had the only keys to it, and the children were not given access to it until 5:00 p.m.
Dr. Rostow testified that any future disciplining of the children should be by Mr. or Mrs. Jackson, not by Perkins; the form of discipline should be appropriate (no assaulting the children); and the refrigerator should not be padlocked. Dr. Rostow recommended that Reginald be allowed to remain with his father and that Brian be allowed to remain with his mother. In Dr. Rostow’s opinion, Perkins had a better relationship with Brian than with Reginald, thus Brian was in no particular danger from Perkins’ inclusion in the household; Brian very strongly bonded with his mother; closely identified with her; felt little attachment to his father; was close to Reginald but still wanted to remain with his mother despite the fact that Reginald would no longer live in his mother’s household. Thus, it would be in Brian’s best interest to allow him to remain with his mother.
The trial court obviously weighed the conflicting testimony of the witnesses and the expert testimony of Dr. Rostow in decreeing that custody of Brian should remain with Mrs. Jackson. After careful review of the record we find no abuse of discretion herein. Accordingly, the judgment of the trial court is affirmed. Costs are assessed against appellant.
AFFIRMED.